

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 27, 1972

Mrs. Ruth Wood, Chairman
Board of Physical Therapy Examiners
906 South Lake Street
Fort Worth, Texas 76104

Opinion No. M-1249

Re: May the Texas Board of
Physical Therapy Examiners
appoint a member of that
Board to the position of
executive secretary-
treasurer, pursuant to
Art. 4512e, Sec. 2(d),
V.C.S.?

Dear Mrs. Wood:

In your recent opinion request you asked the following question:

> May the Texas Board of Physical Therapy
> Examiners appoint a member of that Board to
> the position of executive secretary-treasurer
> pursuant to Article 4512e, Section 2(d), Ver-
> non's Civil Statutes?

Our answer is "No." The Texas Board of Physical Therapy Examiners was created by Article 4512e, Vernon's Civil Statutes. It is composed of nine members appointed by the Governor and confirmed by the Senate.

Section 4(a) of this Article reads:

> "The members of the board shall, upon
> appointment, elect from their number a chair-
> man, secretary-treasurer, and other officers
> required for the conduct of business. Special
> meetings of the board shall be called by the
> chairman and secretary-treasurer, acting jointly,
> or on the written request of any two members.
> . . ." (Emphasis added.)

Section 4(b) of the Article provides further that:

"The secretary-treasurer shall keep a
record of each meeting of the board, and a
register containing the names of all physical
therapists licensed pursuant to this Act, . . .
On March 1 of each year the secretary-treasurer
shall transmit an official copy of the list
of the licensees to the Secretary of State
for permanent record, . . ."   (Emphasis added.)

Section 5(b) of the Article reads:

"The secretary-treasurer of the board
shall, within 30 days of his appointment by
the board, execute a bond in the sum of
$10,000 payable to the board, conditioned
upon his faithful performance of the duties
of his office and accounting of all funds
coming into his hands as secretary-treasurer.
The bond shall be . . . approved by the chair-
man of the board."   (Emphasis added.)

These references in Section 4(a), 4(b), and 5(b) of the
Article are all the references in the Article to the secretary-
treasurer.

The only reference anywhere in the Article to an executive
secretary-treasurer is found in Section 2(d) which reads:

"The board may appoint an executive
secretary-treasurer at an annual salary as
determined by legislative appropriation."
(Emphasis added.)

We note that the statute requires that the office of
secretary-treasurer shall be filled by a member of the board and
that he shall perform certain specific duties.  On the other hand,
the position of executive secretary-treasurer is one which may or may
not be appointed by the board.  The provision in Section 2(d), supra,
is the only reference in the Article to an executive secretary-treasurer.

Our opinion is that the position of "executive secretary-
treasurer" provided for in Section 2(d) is not the same position as
the secretary-treasurer provided for in Section 4(a).  The quoted
portions of the Article contemplate two separate positions distinct
one from the other with specified mandatory duties upon the secretary-
treasurer but with no stated duties of any nature upon the permissive

position of executive secretary-treasurer.

The intent of the legislature in all of the provisions of Article 4512e appears to us to contemplate the two wholly distinct positions of secretary-treasurer and executive secretary-treasurer. The first is mandatory while the second is wholly discretionary with the board; the first has certain mandatory duties while the second has no prescribed duties at all; and provision for compensation of each is separate and distinct.

We are further of the opinion that the Board may not appoint one of its members to the position of executive secretary-treasurer. Article 4512e contemplates that the office of Board member and position of executive secretary-treasurer are to be filled by different persons.

### S U M M A R Y

Under Article 4512e relating to the Board of Physical Therapy Examiners the same person may not simultaneously hold the position of secretary-treasurer (Sec. 4(a)) and the position of executive secretary-treasurer (Sec. 2(d)).

A Board member may not hold the position of executive secretary-treasurer.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen, Co-Chairman
Charles Lind
Lewis Jones
Harold Kennedy

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant